IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **WILLIAM D. HASKINS, JR.,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:03-0558** |
| ) | **(Criminal No. 1:95-00072-07)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 19, 2003, Movant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and a Motion to Proceed *in Forma Pauperis*. (Document Nos. 534 and 535.)[1] Movant requests that "this court give retroactive effect to Amendment 506 and 567 under U.S.S.G. § 1B1.10(c) and reduce his sentence from 420 months to 210 - 262 months. The Sentencing Commission has expressly designated amendments 506 and 567 as one that may be applied retroactively." (Id., p. 1.) Citing United States v. Labonte, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997), Movant states that he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 to 420 months in prison when the offense statutory maximum for a career offender under that Guideline section is 360 months in prison. (Id., p. 2.) Movant indicates that in view of Amendments 506 and 567 and Labonte, his base offense level was 34, and with a two level reduction for acceptance of responsibility, he should have been sentenced at offense level 32 in the range of 210 - 262 months. (Id.) Movant states that "Aamendment 506 was superseded by

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

amendment 567. 506 is retroactive; so is 567 by the sentencing commission making 506 retroactive. Then the Supreme Court in Labonte reworded 506 by 567. 506 was made invalid. It was changed to 567 by statute clarification update in the amount of years 4B1.1 career offenders can be maximum sentenced to." (Id., p. 3.) By Standing Order, the District Court referred Movant's Motion to this United States Magistrate Judge for submission of proposed findings of fact and recommendation for disposition. (Document No. 537.) Having fully examined the record and considered the applicable law, the undersigned finds that Movant's claim is without merit.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On October 10, 1995, Movant pled guilty to distributing crack and aiding and abetting the distribution of crack in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Movant was sentenced on February 8, 1996. The District Court concluded that Movant was accountable for the distribution of 575 grams of cocaine base and found his base offense level to be 36. The District Court added two offense levels for Movant's possession of a dangerous weapon during a drug trafficking crime, three offense levels for his managerial role in the offense and two offense levels for obstruction of justice. The Court subtracted two offense levels for Movant's acceptance of responsibility. The District Court determined that Movant's total offense level was 41 and as a career criminal his Criminal History Category was VI making Movant eligible for sentencing in the range of 360 months to life. The District Court sentenced Movant to 420 months in prison.[2] United States v.

---

[2] Pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), a term of imprisonment of not less than ten years or more than life is statutorily required for possession of fifty grams or more of cocaine base. The statute further provides that "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . .." Movant's Offense Statutory Maximum was therefore life in prison.

Haskins, Criminal No. 1:95-0072-07, Document Nos. 273 and 277. Movant appealed his sentence, and on July 10, 1998, the Fourth Circuit entered its decision affirming the District Court's sentence. United States v. Haskins, 155 F.3d 562, 1998 WL 393990 (4th Cir.(W.Va.)). The only issue which Movant raised on appeal was whether the District Court properly determined that he had obstructed justice by passing a letter to a co-Defendant suggesting ways they might beat the case against them and increased his Guideline offense level by two points. The Fourth Circuit issued an unpublished *per curiam* opinion on July 10, 1998, and issued its mandate on August 5, 1998, affirming Movant's sentence. Petitioner did not file a Petition for a Writ of Certiorari in the United States Supreme Court.

On December 29, 2000, Movant filed a Petition to Set Aside Guilty Plea thus initiating the case designated Civil Action No. 1:00-1225 in the District Court. United States Magistrate Judge Mary S. Feinberg filed Proposed Findings and Recommendation on February 15, 2001, considering Movant's Petition a Motion to Vacate, Set Aside and Correct Sentence filed pursuant to 28 U.S.C. § 2255 and recommending that Movant's Motion be dismissed as untimely because it was filed more than one year after the date the judgment of conviction became final. Movant filed objections on March 2, 2001, conceding essentially that "time limitations as set under the 1996 Anti-Terrorism and Death Penalty Act ("AEDPA") has foreclosed his ability of bringing attack upon his conviction under the provisions of Section § 2255." but claiming that the District Court lacked jurisdiction to take his guilty plea because of flaws he alleges in the Indictment. By Order entered on January 23, 2003, the District Court adopted Magistrate Judge Feinberg's Proposed Findings and Recommendation.

On June 27, 2001, Movant filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Georgia seeking to challenge the constitutionality of his February 8, 1996, convictions in the West Virginia District Court. United States Magistrate Judge Gerrilyn G. Brill determined that the Movant's Petition should be considered a Motion filed under 28 U.S.C. § 2255 and transferred the case to the Southern District of West Virginia. The case was designated 1:01-0637 in this District. On September 17, 2001, United States Magistrate Judge Mary S. Feinberg filed Proposed Findings and Recommendation recommending that the case be dismissed because it constituted a second or successive § 2255 proceeding and was initiated without authorization of the United States Court of Appeals for the Fourth Circuit. Movant filed objections on October 5, 2001, claiming that the Court's characterization of his Petition as a § 2255 Motion was improper and disputing the Court's jurisdiction. By Judgment Order entered on September 22, 2003, The District Court overruled Movant's objections, adopted Magistrate Judge Feinberg's findings and recommendation and dismissed Movant's Petition.

On September 10, 2002, Movant filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c) thus initiating the case designated Civil Action No. 1:02-1134 in the District Court. Movant claimed that "his sentence was imposed based upon a misapplication of the Guidelines, therefore, the court should resentence movant under the correct base offense level applicable for his alleged crime." Specifically, Movant asserted that "the government failed to prove by a preponderance of the evidence that substance defendant was charged and convicted with was 'crack' and therefore the enhanced sentence was error" and his base offense level should have began at the base offense level 12, not 36 as the P.S.I. held, and the court utilized as the starting point for the

4

sentence." The undersigned entered Proposed Findings and Recommendation on October 28, 2002, concluding that Movant raised issues typically considered upon applications under 28 U.S.C. § 2255, not under § 3582, and recommending dismissal. On February 10, 2003, the District Court adopted the undersigned's proposed findings and recommendation and dismissed Movant's Motion.

## ANALYSIS

U.S.S.G. § 1B1.10, a policy statement, authorizes the reduction of a prison term under 18 U.S.C. § 3582(c)(2)[3] as a result of an Amendment of the Guidelines under certain circumstances as

---

[3] 18 U.S.C. § 3582(c) provides as follows:

**(c) Modification of an imposed term of imprisonment.** – The court may not modify a term of imprisonment once it has been imposed except that –
  **(1)** in any case –
    **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that
      **(i)** extraordinary and compelling reasons warrant such a reduction; or
      **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
    **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Civil Procedure; and
  **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

follows:

> (a) Where a defendant is serving a term of imprisonment, and the applicable guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . ., a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.
>
> (b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
>
> (c) Amendments covered by this policy statement are listed in Appendix C as follows: . . . 506 . . ..

In 1994, the United States Sentencing Commission enacted Amendment 506 changing the definition of "Offense Statutory Maximum" in U.S.S.G. § 4B1.1 which establishes a procedure for sentencing those who qualify as career offenders. Amendment 506 provided as follows:

> 'Offense Statutory Maximum,' for the purposes of this guideline refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, *not including* any increase in that maximum term under a sentencing enhancement provision that applies because of the defendants' prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D)). For example, in the case in which the statutory maximum term of imprisonment under § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the 'Offense Statutory Maximum' for that defendant for purposes of this guideline is twenty years and not thirty years. (Emphasis added.)

In 1997, the United States Supreme Court found that Amendment 506 was inconsistent with 28 U.S.C. § 994(h) requiring that the United States Sentencing Commission provide for sentencing of career offenders "at or near the maximum term authorized . . .." United States v. Labonte, 520 U.S.

751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997). In view of the Supreme Court's decision in Labonte, the United States Sentencing Commission enacted Amendment 567 in 1997 stating that "the definition of 'maximum term authorized' is proposed to be changed to reflect that the 'maximum term authorized' includes all sentencing enhancements that apply because of the defendant's prior criminal record." Thus, Amendment 506 is invalid, and Amendment 567 provides that sentencing Courts must consider the maximum statutory term authorized in view of career offenders' prior criminal records in determining their base offense levels under U.S.S.G. § 4B1.1. Movant's claim that these Amendments require a reduction in his sentence is without merit.

As noted above, Movant's Offense Statutory Maximum was life in prison. His base offense level was therefore 37 and his Criminal History Category was VI under U.S.S.G. § 4B1.1 making him eligible for sentencing in the range from 360 months to life as the District Court found. Considering the offense level enhancements as the District Court found, Movant was eligible for sentencing in the same range. The District Court therefore properly sentenced Movant to 420 months in prison.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion to Proceed *in Forma Pauperis* (Document No. 535), **DISMISS** Movant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 534.) with prejudice and remove this matter from the Court's docket.

The Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable Chief District Judge David Faber. Pursuant

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served upon the presiding Chief United States District Judge David Faber and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Movant, who is acting *pro se*, in these proceedings.

ENTER: May 17, 2006.

R. Clarke VanDervort
United States Magistrate Judge